**Mecene OSIAS, et al., Plaintiffs,**

v.

**Emerson MARC, Defendant.**

**Civ. A. No. R–87–380.**

United States District Court,
D. Maryland.

Sept. 14, 1988.

Gregory S. Schell, Florida Rural Legal Services, Inc., Belle Glade, Fla., for plaintiffs.

Emerson Marc, pro se.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Before the Court is plaintiffs' motion for partial summary judgment. The motion has been fully briefed and, no hearing being necessary, the Court now rules pursuant to Local Rule 6(G) (D.Md.1987). For the reasons stated below the Court will grant plaintiffs' motion for partial summary judgment.

### Standards for Summary Judgment

Summary judgment shall be granted only if it appears that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. All evidence shall be viewed in the light most favorable to the non-moving party. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). But the party with the burden of persuasion must meet the burden by showing more than the existence of a scintilla of evidence; evidence must be produced sufficient for a reasonable jury to find in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). This standard "mirrors the standard for a directed verdict." *Id.*, 106 S.Ct. at 2511. The non-moving party has the burden of producing evidence that would support a jury verdict, "even where the evidence is likely to be within the possession of the [other side], as long as the [non-moving party] has had a full opportunity to conduct discovery." *Id.* at 2514. Once the moving party has pointed out the absence of an essential element of the other's case, the burden is on the non-moving party to make a sufficient showing to create a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### Analysis

Plaintiffs are Florida-based migrant workers who travel the eastern seaboard in search of work harvesting fruits and vegetables. Plaintiffs contend that while employed with defendant Emerson Marc's crew during the 1986 pickle cucumber harvest they were denied numerous substantive benefits guaranteed to them by the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §§ 1801, *et seq.* In addition, the plaintiffs contend they were not paid minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. § 206(a). They now move for partial summary judgment, seeking a finding of liability under the AWPA, and both liability and damages under the Fair Labor Standards Act.

In support of their motion the plaintiffs have filed affidavits attesting to the facts they have asserted. Their motion was filed January 7, 1988. At a hearing held April 27, 1988, Judge Black informed defendant Marc that he had until June 30, 1988, to respond to plaintiffs' motion for partial summary judgment and urged him to seek assistance of counsel. These oral statements were confirmed in a letter Judge Black sent defendant Marc on April 28, 1988. As of September 13, 1988, Marc has not responded to the motion for partial summary judgment. Although the failure to defend would constitute grounds for a default judgment pursuant to Fed.R.Civ.P. Rule 55, the Court, in an abundance of caution, will address the motion on its merits. However, because of the failure to respond, the Court will accept the facts as alleged by plaintiffs, the defendant not having controverted any of them.

Is defendant Marc liable under the AWPA? It is clear that the AWPA applies to farm contractors as well as to agricultural employers. *See, e.g.,* 29 U.S.C. § 1821. Thus defendant Marc is subject to the Act's provisions. Additionally, plaintiffs, being both migrant and seasonal agricultural workers, are entitled to the statutory protections the Act provides. *See,* 29 U.S.C. § 1823. They were recruited in Florida and transported to Maryland where they were employed in agricultural labor.

■ The AWPA requires farm contractors to keep, maintain, and preserve accurate payroll records. 29 U.S.C. § 1821(d)(1) and 29 C.F.R. § 500.80(d). Defendant Marc's payroll records were attached to plaintiffs' motion. The Court has carefully examined them and found them deficient in two respects: 1) the records do not contain an account of actual hours worked by the harvest workers; 2) the records repeatedly list the labor of two individuals under one worker's name. These deficiencies violate the AWPA's payroll records requirements. *Rivera v. Adams Packing Association, Inc.,* 707 F.2d 1278, 1282 (11th Cir.1983); *Mendez v. Brady,* 618 F.Supp. 579, 589 (W.D.Mich.1985). Plaintiffs have thus shown defendant Marc to be liable under

the AWPA for failure to meet recordkeeping requirements.

In addition, the AWPA requires that farm contractors must provide each migrant worker with wage statements. 29 U.S.C. § 1821(d)(1) and 29 C.F.R. § 500.80(d). The only written wage statements defendant Marc provided were carbon copies of his payroll sheets. These documents did not specify actual hours worked and often grouped two workers' earnings under one person's name. Defendant Marc has failed to comply with the Act's wage statement provisions.

For plaintiffs to recover damages, defendant's acts must have been "intentional." 29 U.S.C. § 1854(c)(1). A violation is intentional under the Act if it is the natural result of one's conscious and deliberate acts. *Bueno v. Mattner,* 829 F.2d 1380, 1385–86 (6th Cir.1987). The recordkeeping and wage statement deficiencies shown are established as defendant's normal business practices and thus intentional. *See Certilus v. Peeples,* 101 Lab. cases (CCH) paragraph 34,587 at page 46,457 (M.D.Fla.1984) [1984 WL 3175]. Thus plaintiffs are entitled to summary judgment for liability on the claims they make in this motion under the AWPA. The Court will grant summary judgment on liability with damages to be determined later.

■ Plaintiffs also claim that defendant Marc violated the minimum wage provisions of the Fair Labor Standards Act, which established $3.35 per hour as the minimum wage since 1981. 29 U.S.C. § 206(a). Because of the poor records Marc provided, plaintiffs' evidence is of necessity anecdotal and imprecise. An employer who fails to keep precise records, though, may not complain merely because the former workers' evidence is not precise. *Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1330–31 (5th Cir.1985). The Court has examined plaintiffs' evidence and finds it credible and, since defendant has not controverted it, accepts plaintiffs' evidence as reasonably accurate enough to substantiate their claims as to hours worked and amounts paid.

■ In determining amounts paid to plaintiffs, the Court finds that defendant Marc is not entitled to a credit for housing he provided. Because the Department of Labor's investigative report found the housing to be seriously substandard, the employer may not credit the cost of furnishing the facilities against minimum wage obligations. 29 C.F.R. § 531.31; *Strong v. Williams,* 89 Lab. Cases (CCH) paragraph 33,929 at page 49,312 (M.D.Ala. 1980) (no minimum wage credit for unpermitted migrant labor camp housing furnished to farmworker).

Plaintiffs provided on pages 17–22 of their motion a detailed schema of their claimed minimum wage deficiencies. This schema is attached as Appendix A of this Memorandum and Order. Because the Court accepts plaintiffs' evidence as to the work they performed, and because defendant Marc is not entitled to a credit for the cost of housing furnished, the Court finds defendant Marc violated the minimum wage requirements of the Fair Labor Standards Act as outlined in Appendix A. Plaintiffs therefore are entitled to recover as damages the amount of their unpaid minimum wages plus an equal amount as liquidated damages. 29 U.S.C. § 216(b).

Accordingly, for the reasons stated herein, it is this 14th day of September, 1988, by the United States District Court for the District of Maryland,

ORDERED:

That plaintiffs' motion for partial summary judgment is GRANTED.

APPENDIX A

[Page 17]

Antoine Alisma

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 11, 1986 | 5 | 30 | $79.25 | $100.50 | $21.25 |
| * July 18, 1986 | 3 | 18 | $48.75 | $ 60.30 | $11.55 |
| * August 1, 1986 | 3 | 18 | $31.00 | $ 60.30 | $29.30 |
| * August 8, 1986 | 5 | 30 | $85.75 | $100.50 | $14.75 |

Roston Azor

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| August 1, 1986 | 3 | 18 | $51.00 | $60.30 | $ 9.30 |
| Sept. 12, 1986 | 4 | 24 | $53.50 | $80.40 | $26.90 |

Leonel Corneille

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 5 | 30 | $84.50 | $100.50 | $16.00 |
| July 18, 1986 | 3 | 18 | $45.50 | $ 60.30 | $14.80 |
| August 1, 1986 | 3 | 18 | $56.00 | $ 60.30 | $ 4.30 |
| August 22, 1986 | 2 | 12 | $30.00 | $ 40.20 | $10.20 |

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| August 28, 1986 | 2 | 12 | $38.00 | $ 40.20 | $ 2.20 |
| Sept. 5, 1986 | 3 | 18 | $55.50 | $ 60.30 | $ 4.80 |
| Sept. 12, 1986 | 2 | 12 | $37.00 | $ 40.20 | $ 3.20 |

Joseph Duplaisir

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 11, 1986 | 4 | 24 | $55.00 | $80.40 | $25.40 |
| * August 1, 1986 | 3 | 18 | $53.25 | $60.30 | $ 7.05 |
| * August 15, 1986 | 2 | 12 | $35.00 | $40.20 | $ 5.20 |

[Page 18]

Cius Edouard

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 4 | 24 | $70.00 | $ 80.40 | $10.40 |
| August 1, 1986 | 3 | 18 | $46.50 | $ 60.30 | $13.80 |
| August 8, 1986 | 5 | 30 | $96.50 | $100.50 | $ 4.00 |
| August 22, 1986 | 2 | 12 | $35.00 | $ 40.20 | $ 5.20 |
| August 28, 1986 | 2 | 12 | $34.00 | $ 40.20 | $ 6.20 |
| Sept. 5, 1986 | 2 | 12 | $32.00 | $ 40.20 | $ 8.20 |
| Sept. 12, 1986 | 4 | 24 | $32.00 | $ 80.40 | $48.40 |

Monvil Eloi

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * August 8, 1986 | 4 | 24 | $50.50 | $80.40 | $29.90 |

Rudolf Etienne

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Mimimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 5 | 30 | $87.50 | $100.50 | $13.00 |
| August 15, 1986 | 2 | 12 | $34.00 | $ 40.20 | $ 6.20 |
| Sept. 12, 1986 | 3 | 18 | $45.00 | $ 60.30 | $15.30 |

Renold Eustache

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| Sept. 12, 1986 | 4 | 24 | $79.00 | $80.40 | $1.40 |

Yverose Francois

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 11, 1986 | 5 | 30 | $93.00 | $100.50 | $ 7.50 |
| * July 18, 1986 | 3 | 18 | $36.75 | $ 60.30 | $23.55 |
| * August 1, 1986 | 3 | 18 | $57.25 | $ 60.30 | $ 3.05 |

[Page 19]

Clement Garcon

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 4, 1986 | 2 | 12 | $39.50 | $ 40.20 | $ 0.70 |
| * July 11, 1986 | 4 | 24 | $65.50 | $ 80.40 | $14.90 |
| * July 18, 1986 | 4 | 24 | $43.75 | $ 80.40 | $36.65 |
| * August 1, 1986 | 3 | 18 | $39.50 | $ 60.30 | $20.80 |
| * August 8, 1986 | 5 | 30 | $92.75 | $100.50 | $ 7.75 |
| * Sept. 5, 1986 | 4 | 24 | $60.25 | $ 80.40 | $20.15 |
| * Sept. 12, 1986 | 4 | 24 | $32.00 | $ 80.40 | $48.40 |

Fabius Gerard

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 5, | 30 | $98.00 | $100.50 | $2.50 |
| August 22, 1986 | 2 | 12 | $35.00 | $ 40.20 | $5.20 |
| August 28, 1986 | 2 | 12 | $33.00 | $ 40.20 | $7.20 |

Liziane Jean–Louis

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 11, 1986 | 5 | 30 | $79.25 | $100.50 | $21.25 |
| * July 18, 1986 | 3 | 18 | $48.75 | $ 60.30 | $11.55 |
| * August 1, 1986 | 3 | 18 | $31.00 | $ 60.30 | $29.30 |
| * August 8, 1986 | 5 | 30 | $85.75 | $100.50 | $14.75 |

Osiannie Jean–Phillipe

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * August 8, 1986 | 4 | 24 | $50.50 | $80.40 | $29.90 |

Frankel Luma

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 4, 1986 | 2 | 12 | $34.75 | $ 40.20 | $ 5.45 |
| * July 11, 1986 | 5 | 30 | $83.50 | $100.20 | $16.70 |
| * July 18, 1986 | 4 | 24 | $52.75 | $ 80.40 | $27.65 |
| * August 8, 1986 | 5 | 30 | $66.50 | $100.50 | $34.00 |

Ismarie Olibrus

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 5 | 30 | $93.00 | $100.50 | $ 7.50 |
| August 8, 1986 | 4 | 24 | $45.50 | $ 80.40 | $29.90 |
| August 28, 1986 | 2 | 12 | $39.50 | $ 40.20 | $ 0.70 |
| Sept. 5, 1986 | 2 | 12 | $31.00 | $ 40.20 | $ 9.20 |
| Sept. 12, 1986 | 4 | 24 | $36.00 | $ 80.40 | $44.40 |

Mecene Osias

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 5 | 30 | $85.00 | $100.50 | $15.50 |
| August 1, 1986 | 3 | 18 | $41.00 | $ 60.30 | $19.30 |

Pelier Perichele

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 11, 1986 | 5 | 30 | $98.00 | $100.50 | $ 2.50 |
| August 1, 1986 | 3 | 18 | $47.00 | $ 60.30 | $13.30 |
| August 8, 1986 | 5 | 30 | $86.00 | $100.50 | $14.50 |
| August 15, 1986 | 1 | 6 | $11.50 | $ 20.10 | $ 8.60 |

Meritene Plantin

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| August 22, 1986 | 2 | 12 | $32.50 | $40.20 | $2.50 |

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| July 4, 1986 | 2 | 12 | $36.00 | $40.20 | $4.20 |

Marie Sejour

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 4, 1986 | 2 | 12 | $39.50 | $ 40.20 | $ 0.70 |
| * July 11, 1986 | 4 | 24 | $65.50 | $ 80.40 | $14.90 |
| * July 11, 1986 | 4 | 24 | $65.50 | $ 80.40 | $14.90 |
| * July 18, 1986 | 4 | 24 | $43.75 | $ 80.40 | $36.65 |
| * August 1, 1986 | 3 | 18 | $39.50 | $ 60.30 | $20.80 |
| * August 8, 1986 | 5 | 30 | $92.75 | $100.50 | $ 7.75 |
| * Sept. 5, 1986 | 4 | 24 | $60.25 | $ 80.40 | $20.15 |
| * Sept. 12, 1986 | 4 | 24 | $32.00 | $ 80.40 | $48.40 |

Wilfrid Simeon

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 11, 1986 | 5 | 30 | $93.00 | $100.50 | $ 7.50 |
| * July 18, 1986 | 3 | 18 | $36.75 | $ 60.30 | $23.55 |
| * August 1, 1986 | 3 | 18 | $57.25 | $ 60.30 | $ 3.05 |

Marie Solange

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 11, 1986 | 4 | 24 | $55.00 | $80.40 | $25.40 |
| * August 1, 1986 | 3 | 18 | $53.25 | $60.30 | $ 7.05 |
| * August 15, 1986 | 2 | 12 | $35.00 | $40.20 | $ 5.20 |

[Page 22]

Suzette St. Hilaire

| Pay Period | Days Worked | Hours Worked (6 hrs/day) | Wages Paid | Wages due at $3.35/hr | Unpaid Minimum Wages |
|---|---|---|---|---|---|
| * July 4, 1986 | 2 | 12 | $34.75 | $ 40.20 | $ 5.45 |
| * July 11, 1986 | 5 | 30 | $83.50 | $100.20 | $16.70 |
| * July 18, 1986 | 4 | 24 | $52.75 | $ 80.40 | $27.65 |
| * August 8, 1986 | 5 | 30 | $66.50 | $100.50 | $34.00 |